MARK D. LONERGAN (State Bar No. 143622)
MICHAEL J. STEINER (State Bar No. 112079)
JOSHUA E. WHITEHAIR (State Bar No. 244900)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
WELLS FARGO & CO. and
WELLS FARGO BANK, N.A.
(erroneously sued herein as WELLS
FARGO HOME MORTGAGE, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY YOUNG; ODETTA YOUNG; EDWARD HUYER and CONNIE HUYER, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO & CO., and WELLS FARGO HOME MORTGAGE, INC.,<br><br>       Defendants. | Case No.:  CV 083735 SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WELLS FARGO'S 9(b) MOTION TO DISMISS, 12(e) MOTION FOR MORE DEFINITE STATEMENT AND 12(f) MOTION TO STRIKE**<br><br>Date:      November 7, 2008<br>Time:     9:00 a.m.<br>Dept.:    Courtroom 10<br>Judge:   Hon. Susan Illston<br><br>Trial Date:    Not set<br>Complaint Date:  August 5, 2008<br><br>**Accompany Documents**<br>Notice of Motion and Motion; [Proposed] Order |

07685/0196/690817.1

Memorandum of Points and Authorities In Support of
Wells Fargo's Motions to Dismiss and Strike or
Motion For More Definite Statement
Case No. CV 08375 SI.:

## I.   INTRODUCTION

Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A.[1] (collectively "Wells Fargo" or "Defendants") have filed a separate motion to transfer venue. Plaintiffs Gregory and Odetta Young ("the Youngs") and Edward and Connie Huyer ("the Huyers") filed this action here even though they reside on the East Coast and their claims arose there, not California. Such blatant forum-shopping should not be sanctioned. This case merits transfer to the Southern District of Iowa, the venue in which the evidence is located and which is more convenient for the plaintiffs, Wells Fargo's most knowledgeable witnesses and other third-party witnesses.

Alternatively, in the event the Court elects not to transfer, Wells Fargo submits this motion to dismiss, to strike, and for more definite statement as an initial response to the complaint. A more substantive response cannot be made at this time because the complaint is too indefinite and uncertain with respect to the factual and legal basis of the claims asserted against Wells Fargo.

Plaintiffs purport to bring this action on behalf of a putative nationwide class of mortgage borrowers. They challenge Wells Fargo's practice of assessing late fees and property inspection fees to borrowers in default on their mortgages as violative of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962, California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq.*, False Advertising Law ("FAL"), Business & Professions Code §§ 17500 *et seq.*, and the Consumer Legal Remedies Act ("CLRA") Civil Code §§ 1750 *et seq.*

Because each of these claims is predicated on fraud, they are subject to the heightened pleading standards of Rule 9(b). However, plaintiffs failed to allege these claims with particularity. They do not even identify the misrepresentations or omissions upon which they ground their claims, much less do they allege the circumstances of the underlying fraud.

---

[1]      Erroneously named herein as "Wells Fargo Home Mortgage, Inc."

- 1 -

Memorandum of Points and Authorities In Support of
Wells Fargo's Motions to Dismiss and Strike or
Motion For More Definite Statement
Case No. CV 08375 SI.:

1    Even if fraud were properly averred in the complaint, there are numerous other essential

2 facts which are noticeably absent and preclude Wells Fargo from responding adequately.  These

3 factual gaps are most conspicuous in the three RICO claims which are devoid of basic facts

4 regarding the pattern of racketeering activity, predicate acts, and enterprise.  But they are also

5 apparent from the vague, conclusory allegations comprising the state law claims.

6    Plaintiffs muddle the Complaint further by attempting to incorporate an entire opinion

7 from a bankruptcy case in another jurisdiction as supportive of their claims.  The opinion is

8 immaterial to this action and plaintiffs' incorporation by reference of all its factual findings is

9 improper.  It is impossible for Wells Fargo to know how to respond to a 37-page opinion which

10 is factually and legally distinct from this action.

11    Accordingly, the Court should strike the bankruptcy opinion from the Complaint, dismiss

12 the RICO and California law claims, which lack the requisite specificity, and order plaintiffs to

13 provide a more definite statement alleging the ultimate facts for each of their claims.

## II.    STATEMENT OF FACTS

15    On a motion to dismiss, the Court accepts as true the facts properly pleaded in the

16 complaint, but not conclusions of law.[2]  In keeping with these rules, and without conceding the

17 truth of plaintiffs' allegations for any other purpose, Wells Fargo set forth the facts pertinent to

18 this motion.

19    The Youngs reside in New Jersey; the Huyers live in South Carolina.  (Compl., ¶¶ 12-

20 13.)  They purchased their homes by obtaining first mortgages serviced by Wells Fargo.  (*Id.*)

21 They received monthly mortgage statements from Wells Fargo each month through the U.S.

22 mail.  (*Id.*)  Periodically, they failed to make their mortgage payments on time and their monthly

23 statements reflected additional amounts owed for late fees and property inspections.  (*Id.*)

24    Plaintiffs' mortgage notes provided that their mortgage payments were due the first of

---

[2]    *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re Verifone Secs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).

07685/0196/690817.1

Memorandum of Points and Authorities In Support of
Wells Fargo's Motions to Dismiss and Strike or
Motion For More Definite Statement
Case No. CV 08375 SI.:

1   each month and would be deemed late if not received by the end of fifteen calendar days after

2   they were due. (*Id.* ¶ 17.) In the event of a late payment, a single late charge in the amount of

3   5% of the overdue payment would be assessed. (*Id.*) The notes further provided that Wells

4   Fargo or its agents could take reasonable actions to protect the its interest in their properties,

5   including performing property inspections, and charge plaintiffs fees for taking such actions

6   including attorneys' fees, property inspection and valuation fees. (*Id.*)

7          Wells Fargo supposedly manages and administers its loan servicing tasks with little

8   human intervention by making use of a computer system and software platform known as

9   Fidelity Mortgage Servicing Package ("Fidelity MSP"). (*Id.* ¶¶ 22-23.) Fidelity MSP applies

10  payments received by Wells Fargo to the borrower's accounts. (*Id.* ¶ 23.) It also automatically

11  calculates when to assess late fees or order property inspections after a borrower's account has

12  been in default for a certain number of days. (*Id.* ¶¶ 24-25.) Fidelity MSP will continue to order

13  such inspections every 20 to 45 days until the borrower has cured the default even if the property

14  has been inspected numerous times. (*Id.* ¶¶ 26-27.) The inspections are "drive-by" inspections

15  designed to determine whether the property is occupied, being maintained and has not been

16  damaged. (*Id.* ¶ 29.) The fees for inspections are identified on the borrower's monthly statement

17  as "other charges." (*Id.* ¶ 30.)

18          The property inspections were conducted by Wells Fargo's vendors, including First

19  American Real Estate Information Services, Inc., Fidelity National Financial, Inc. and Mortgage

20  Contracting Services, LLC. (*Id.* ¶ 32.) Wells Fargo controls and operates these vendors by,

21  among other things, programming Fidelity MSP to automatically order property inspections and

22  assessing and collecting fees. (*Id.* ¶ 36.)

23          Wells Fargo caused documents to be sent or delivered by the Postal Service, commercial

24  carrier, by wire or other interstate electronic media including borrowers' agreements, monthly

25  mortgage statements, correspondence, payments and inspection reports. (*Id.* ¶¶ 40-42.)

26          Based on the above allegations, plaintiffs assert three counts for violations of RICO

27  sections 1964(a) and (c), one count each for violation of UCL, FAL, CLRA, and common law

- 3 -

28                      Memorandum of Points and Authorities In Support of
                                              Wells Fargo's Motions to Dismiss and Strike or
                                              Motion For More Definite Statement
                                              Case No. CV 08375 SI.:

1 | fraud and unjust enrichment counts.  (*Id.* pp. 16-22.)

2 | ### III.   THE MOTION TO DISMISS SHOULD BE GRANTED

3 | "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for

4 | failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule

5 | 12(b)(6) for failure to state a claim."[3]  A Rule 12(b)(6) motion to dismiss tests the legal

6 | sufficiency of the claim(s) stated in the complaint.[4]  "Dismissal can be based on the lack of a

7 | cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

8 | theory."[5]

9 | ### A.   The RICO Claims Are Not Pleaded With Particularity

10 | The strict pleading requirement of Federal Rule of Civil Procedure 9(b) "applies to civil

11 | RICO fraud claims."[6]  These include RICO "claims – that although lacking fraud as an element –

12 | are 'grounded' or 'sound' in fraud."[7]  Where plaintiffs allege a uniform course of fraudulent

13 | conduct and rely on that conduct as the basis of a claim, the claim "sounds in fraud" and

14 | plaintiffs must plead the whole claim with particularity.[8]

15 | Here, plaintiffs' three RICO claims are all premised on "a pattern of racketeering activity

16 | comprised of numerous acts of mail fraud and wire fraud." (Compl., ¶ 54; *see also* ¶¶ 38-47,

17 | 55.)  Thus, each claim is subject to Rule 9(b)'s heightened pleading standard, which requires

18 | plaintiffs "to detail with particularity the time, place, and manner of each act of fraud, plus the

19 |

20 |

21 | [3]     *Vess v. Ciga-Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir.2003).

22 | [4]     *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

23 | [5]     *Balistreri v. Pac. Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

24 | [6]     *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

25 | [7]     *Mostowfi v. I2 Telecom Int'l, Inc.*, 269 Fed.Appx. 621, 623 (9th Cir. 2008) (quoting

26 | *Vess.*, 317 F.3d at 1103-04).

27 | [8]     *Id.*

-4-

28 | 07685/0196/690817.1

Memorandum of Points and Authorities In Support of
Wells Fargo's Motions to Dismiss and Strike or
Motion For More Definite Statement
Case No. CV 08375 SI.:

1    role of each defendant in each scheme."[9]

2        Plaintiffs fail to allege any of these facts, let alone with the degree of specificity required.

3    The "alleged predicate acts," i.e., mail and wire fraud, "are general statements . . . that fail to

4    identify the 'who, what, when, where and how' of the misconduct charged."[10]   (*See* Compl.,

5    ¶¶ 38-46.)   In other words, plaintiffs do not allege *who* specifically made the supposed

6    misrepresentations or omissions; *when* they were mailed or wired; to *where*; and, perhaps most

7    significantly, *what* these misrepresentations or omissions were.

8        Plaintiffs merely identify documents which they apparently believe included

9    misrepresentations or omissions – e.g., "agreements, monthly mortgage statements,

10   correspondence, checks and inspection reports."  (Compl., ¶¶ 40-42.)  They fail to allege what

11   representations within these documents were false or, alternatively, what material representations

12   these documents concealed.  Instead, plaintiffs merely state in conclusory fashion that there was

13   a "scheme to defraud or obtain money by means of false pretenses, representations, or promises."

14   (*Id.* ¶¶ 40-41.)  This will not do.

15       "[I]n addition to the "time, place and content of an alleged misrepresentation a complaint

16   'must set forth what is false or misleading about a statement, and . . . an explanation as to why

17   the statement or omission complained of was false or misleading.'"[11]  Plaintiffs have provided no

18   such explanation.

19       Therefore, the RICO claims are not pleaded with particularity and should be dismissed.[12]

20

21   [9]    *Id.* (quoting *Lancaster Cmty. Hosp. v. Antellope Valley Hosp. Dist.*, 940 F.2d 397, 405
22   (9th Cir. 1991)).

23   [10]    *Id.* at 624.

24   [11]    *Oculus Innovative Sci., Inc. v. Nofil Corp.*, 2007 WL 2600746 at *3 (N.D. Cal. 2007).
     (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 & n. 10 (9th Cir. 1999)).

25   [12]    *See Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir.
26   1986); *Savage v. Council on American-Islamic Relations, Inc.*, 2008 WL 2951281 at *14 (N.D.
     Cal. 2008).

27                                                - 5 -

28   07685/0196/690817.1
Memorandum of Points and Authorities In Support of
Wells Fargo's Motions to Dismiss and Strike or
Motion For More Definite Statement
Case No. CV 08375 SI.:

**B.   State Law Claims Are Not Pleaded With Particularity**

Plaintiffs' UCL, FAL, CLRA and common law fraud claims are all subject to Rule 9(b) as well either because they include fraud as an element or sound in fraud based on the complaint's allegations.[13]

Here, again, with respect to the UCL claim, plaintiffs' complaint includes the conclusive allegation that Wells Fargo "made false and misleading representations to borrowers" (Compl., ¶ 85) without describing what those representations were or explaining why they were false or misleading. Plaintiffs possibly mean to characterize Wells Fargo's practice of assessing fees to borrowers as "fraudulent" (*Id.* ¶ 85), but they never aver what representations or omissions were made regarding those fees, nor do they explain what about the assessment of fees that was misleading or concealing. Plaintiffs clearly knew about the fees, since they admit that their mortgage notes informed them that such fees would be assessed when they were late on their payments. (*Id.* ¶ 17.)

Similarly, under their FAL claim, plaintiffs allege a "scheme involv[ing] deceptive, untrue and misleading advertising" based on the "fraudulent" practice of assessing fees to borrowers (*id.* ¶ 90) but they once again fail to state what statements pertaining to the fees were deceptive, untrue or misleading. Such allegations are crucial to plaintiffs' UCL and FAL claims since, in order to prevail, they must show how a reasonable member of the public would likely be deceived by the fraudulent practice or advertising (which they also fail to allege). Wells

---

[13]   *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612 at *5 (N.D. Cal. 2007) (Rule 9(b) applies to a claim of fraudulent business practices violating the UCL); *Hartless v. Clorox Co.*, 2007 WL 3245260 at *6, 8 (S.D. Cal. 2007) (Rule 9(b) applies to a claim of fraudulent business practices violating the UCL and the CLRA); *Stickrath v. Globalstar, Inc.*, 527 F.Supp.2d 992, 998 (N.D. Cal. 2007) (same); *Kennedy v. Natural Balance Pet Foods, Inc.*, 2007 WL 2300746 at *5-6 (S.D. Cal. 2007) (same); *Muehlbauer v. Gen. Motors Corp.*, 431 F.Supp.2d 847, 860 (N.D. Ill. 2006) (CLRA claim is subject to Rule 9(b) requirements); *Inter-Mark USA, Inc. v. Intuit, Inc.*, 2008 WL 552482, *9 (N.D. Cal. 2008) (17500 claim sounding in fraud subject to Rule 9(b) even though fraud is not an element of the claim); *Meinhold v. Sprint Spectrum, L.P.*, 2007 WL 1456141, *6 (E.D. Cal. 2007) (same); *Bader v. Doocy*, 1999 WL 1211500, *1 (9th Cir. 1999) (RICO *and* common law fraud claim subject to Rule 9(b)).

- 6 -

07685/0196/690817.1                                     Memorandum of Points and Authorities In Support of
Wells Fargo's Motions to Dismiss and Strike or
Motion For More Definite Statement
Case No. CV 08375 SI.:

1   Fargo and the Court should not be left to guess about these critical facts.

2        Plaintiffs' CLRA claim purports three instances of fraud: "Wells Fargo's acts and

3   practices . . . [were] deceptive . . . in that they" (1) "misrepresent the particular standard, quality

4   or grade of the goods" (2) "represent that a transaction confers or involves rights, remedies or

5   obligations which it does not have or involve, or which are prohibited by law" and (3) "represent

6   that the subject of a transaction has been supplied in accordance with a previous representation

7   when it has not." (*Id.* ¶¶ 98-100.)

8        However, none of these vague, conclusory allegations state the circumstances of the fraud

9   (who, what, when, where, how) or explain what specific representations were false and why.

10  Rather, they are merely a formulaic recitation of the elements of the claim lifted nearly verbatim

11  from the statute itself. *See* Cal. Civ. Code §§ 1770(a)(7), (14) and (16).

12       Finally, plaintiffs allege in their common law fraud count that Wells Fargo "continues to

13  engage in fraudulent, misrepresentative, false and/or deceptive practices" (*id.* ¶ 104) without

14  bothering to identify what makes the assessment of fees to borrowers fraudulent,

15  misrepresentative, false or deceptive.

16       Therefore, because plaintiffs' state law claims fall woefully short of satisfying Rule 9(b),

17  they should be dismissed.

## IV.   THE MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED

18
19       A Rule 12(e) motion lies where the complaint is so indefinite or uncertain that the

20  defendant cannot ascertain the nature of the claim being asserted.[14]

21       In addition to the plethora of reasons stated above, plaintiffs' complaint is uncertain in

22  other ways as to the nature of the claims asserted against Wells Fargo.  Specifically, the RICO

23  claims are uncertain as to:
24

25  [14]   *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal 1981); *see*
    *Cellars v. Pac. Coast Packaging*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *Washington v.*
26  *Baenziger*, 673 F.Supp. 1478, 1483 (N.D. Cal. 1987) (citing *Guam Inv. Co. v. Central Bldg, Inc.*,
    288 F.2d 19, 24 (9th Cir. 1961)).
27

- 7 -

28  07685/0196/690817.1                    Memorandum of Points and Authorities In Support of
                                           Wells Fargo's Motions to Dismiss and Strike or
                                           Motion For More Definite Statement
                                           Case No. CV 08375 SI.:

1  a.  The alleged misconduct and basis of liability of each defendant;

2  b.  The alleged wrongdoers other than defendants;

3  c.  The alleged victims and how each victim was allegedly injured;

4  d.  The dates of the predicate acts, the participants in the predicate acts, and the facts

5 surrounding the predicate acts, e.g., the time, place, and contents of the alleged

6 misrepresentations, and the identity of persons to whom and by whom the alleged

7 misrepresentations were made;

8  e.  How the predicate acts formed a pattern of racketeering activity;

9  f.  Whether there has been a criminal conviction for violation of the predicate acts;

10  g.  Whether civil litigation has resulted in a judgment in regard to the predicate acts;

11  h.  The structure, purpose, function, and course of conduct of the alleged enterprise;

12  i.  Whether the pattern of racketeering activity and the enterprise are separate or

13 have merged into one entity;

14  j.  The alleged relationship between the activities of the enterprise and the pattern of

15 racketeering activity;

16  k.  How the racketeering activity differs from the usual and daily activities of the

17 enterprise, if at all;

18  l.  What benefits, if any, the alleged enterprise receives from the alleged pattern of

19 racketeering.

20  m.  The effect of the activities of the enterprise on interstate or foreign commerce.

21  n.  Who received the income derived from the pattern of racketeering activity and the

22 use of investment of such income;

23  o.  The direct causal relationship between the alleged injury and the violation of the

24 RICO statute; and

25  p.  Damages sustained from the violation of section 1962, including the amount for

26

27

- 8 -

28

07685/0196/690817.1

Memorandum of Points and Authorities In Support of
Wells Fargo's Motions to Dismiss and Strike or
Motion For More Definite Statement
Case No. CV 08375 SI.:

1  which each defendant is allegedly liable.[15]

2       In the face of such uncertainty, and to confirm a "reasonable inquiry" required by Rule

3  11 of the Federal Rules of Civil Procedure, a number of courts in this District and others have

4  required plaintiffs to file a RICO Case Statement.[16]  Wells Fargo would respectfully request the

5  Court to do the same in order to spare the parties and the Court continued motion practice over

6  subsequent, ineffective amendments to the Complaint.

7       Plaintiffs' UCL, FLA and CLRA claims are equally uncertain as to:

8       a.     The specific practices of Defendants that are allegedly unlawful, unfair and

9  fraudulent;

10      b.     The particular fees assessed to plaintiffs, if any;

11      c.     The circumstances of Defendants' alleged fraudulent, misleading or deceptive

12  practices;

13      d.     The forms of advertising of Defendants which were allegedly deceptive; and

14      e.     The specific good(s) or service(s) subject to the CLRA.

15      Wells Fargo cannot defend itself against these claims without an understanding of these

16  most basic facts nor can it determine whether plaintiffs' even have a viable claim.  For instance,

17  depending on whether or how fees were assessed to plaintiffs, they may lack standing.

18  Therefore, plaintiffs should be required to provide a more definite statement.

19          **V.     THE MOTION TO STRIKE SHOULD BE GRANTED**

20      The Court may strike any immaterial matter from a pleading.  Fed.R.Civ.P. 12(f).

21

22  [15]    *See Fielder v. Chrysler Corp.*, 1994 WL 478721 *5-7 (N.D. Cal. 1994);

23  [16]    *Turner v. Cook*,  2002 WL 34420752, *4 (N.D. Cal. 2002); *Wagh v. Metris Direct,
24  Inc.*, 2002 WL 257846, *1 (N.D. Cal. 2002); *Grauberger v. St. Francis Hosp.*, 169 F.Supp.2d
    1172, 1176 (N.D. Cal. 2001); *Garcia v. Scrbner*, 1998 WL 397895, *1 (N.D. Cal. 1998); *Dymits
25  v. Am. Brands, Inc.*, 1996 WL 751111, *10 (N.D. Cal. 1996); *May v. U.S. Chamber of
    Commerce*, 1996 WL 116829, *4 (N.D. Cal. 1996); *Sheperd v. Am. Honda Motor Co. Inc.*, 822
26  F.Supp. 625, 629 (N.D. Cal. 1993); *see also* RICO Case Statement (S.D. Cal.) *available at*
    http://www.casd.uscourts.gov/index.php?page=forms.

27                                          - 9 -

28  07685/0196/690817.1                    Memorandum of Points and Authorities In Support of
                                                     Wells Fargo's Motions to Dismiss and Strike or
                                                       Motion For More Definite Statement
                                                             Case No. CV 08375 SI.:

1   Plaintiffs purport to "incorporate by reference the findings of fact and opinion in" *In re Dorothy*

2   *Chase Stewart*, No. 07-1113, 2008 WL 2676961 (Bkrtcy. E.D. La. July 9, 2008) ("*Stewart*").

3   (Compl. ¶ 3.)

4           Incorporation of an entire 37-page discursive opinion leaves Wells Fargo and the Court

5   uncertain as to scope of plaintiffs' complaint, particularly since *Stewart* dealt with a wide variety

6   of bankruptcy-related matters that are not the subject of this action.  Indeed, there are numerous

7   and considerable factual and legal differences between the two cases, making it impossible for

8   Wells Fargo to know how to respond.  If incorporated, Wells Fargo could be forced to respond

9   line-by-line to irrelevant facts and law.  Moreover, plaintiffs cannot simply ask for judicial notice

10  as to the truth of findings regarding Wells Fargo's practice of assessing fees referenced in

11  *Stewart*.  The Court "may not take judicial notice of proceedings or records in another cause so

12  as to supply, without formal introduction of evidence, facts essential to support a contention in a

13  cause before it." [17]

14          Therefore, the incorporation of *Stewart* is improper and immaterial to this action.  It

15  should be stricken.

## VI.   CONCLUSION

17          For the reasons stated above and, in the event the Court does not transfer this action, it

18  should grant Wells Fargo's motion to dismiss, strike, and for more definite statement.

19  DATED:  October 3, 2008                    SEVERSON & WERSON
                                                A Professional Corporation
20                                              By: _____/s/_____
                                                      Joshua E. Whitehair
21                                              Attorneys for Defendants
                                                WELLS FARGO & CO. and WELLS FARGO
22                                              BANK, N.A. (erroneously sued as WELLS
                                                FARGO HOME MORTGAGE, INC.)
23
    I hereby attest that I have on file all holograph signatures for any signatures indicated by a
24  "conformed" signature (/S/) within this efiled document.

25  _____
    [17]    *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.
26  1983); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n. 5 (9th Cir. 2003) ("Factual findings in one case
    ordinarily are not admissible for their truth in another case through judicial notice.").

27
                                            - 10 -
28  07685/0196/690817.1                  Memorandum of Points and Authorities In Support of
                                                    Wells Fargo's Motions to Dismiss and Strike or
                                                            Motion For More Definite Statement
                                                                    Case No. CV 08375 SI.: