**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

---

| | |
|---|---|
| **GREGORY YOUNG, ODETTA YOUNG, EDWARD HUYER, CONNIE HUYER AND SUE ANN ROSS**, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>v.<br><br>**WELLS FARGO & CO.**, AND **WELLS FARGO BANK, N.A.**<br><br>DEFENDANTS. | CASE NO. 4:08-CV-507<br><br>**DEFENDANTS' MOTION TO DISMISS CORRECTED FIRST AMENDED COMPLAINT AND STRIKE ALLEGATIONS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**<br><br>(**ORAL ARGUMENT REQUESTED**) |

---

COME NOW, Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A., ("Defendants" or "Wells Fargo"), by and through their undersigned attorneys, and for their Motion to Dismiss Corrected First Amended Complaint and Strike Allegations Or, in the Alternative, Motion for a More Definite Statement, state:

1. This Motion to Dismiss Corrected First Amended Complaint and Strike Allegations Or, in the Alternative, Motion for a More Definite Statement is filed prior to answer and is not an answer, defense or other responsive pleading by either of Defendants.

2. Defendants move to dismiss Plaintiffs' Corrected First Amended Complaint (Clerk's Document No. 42) under Fed. R. Civ. P. 9(b) and 12(b)(6), in part on the following grounds:

    a. Each of the Corrected First Amended Complaint's eight counts alleges a claim founded on fraud. None is alleged with the particularity required by Fed. R. Civ. P. 9(b).

1

b. Counts 1 and 2 of the Corrected First Amended Complaint fail to state any viable claim under RICO (18 U.S.C. § 1962). The Corrected First Amended Complaint alleges a contract dispute, not a fraudulent scheme sufficient to constitute the predicate offense of mail or wire fraud.

c. Count 1 of the Corrected First Amended Complaint states no claim with respect to the charging of late fees as the only "enterprise" alleged is an association in fact for the purpose of collecting property inspection fees.

d. Count 2 of the Corrected First Amended Complaint states no claim. Aiding and abetting is not a viable theory of vicarious liability for a RICO violation.

e. Plaintiff Sue Ann Ross should be dismissed as a nominal and/or representative plaintiff in this action as she has another action pending on the same claim.

f. Counts 3 through 5 of the Corrected First Amended Complaint state no claim on behalf of the Plaintiffs Gregory and Odetta Young or Plaintiffs Edward and Connie Huyer as their mortgages include choice of law provisions specifying the laws of New Jersey and South Carolina, respectively, not those of California or South Dakota.

g. Count 3 of the Corrected First Amended Complaint should be dismissed as the California courts have already examined the practice that Plaintiffs challenge in this suit and have concluded that it is not unlawful, unfair or deceptive and consequently does not violate California Business and Professions Code § 17200.

h. Count 4 of the Corrected First Amended Complaint alleges no viable claim under California's Consumers Legal Remedies Act (Cal. Civ. Code, § 1750 et seq.)

because (1) it does not allege a "transaction" within the act's coverage, and (2) it does not allege misrepresentations that the act prohibits.

    i. Count 8 of the Corrected First Amended Complaint does not allege a claim for unjust enrichment as the parties' rights and obligations are governed by an express contract.

3. Each of Counts 3 through 8 of the Corrected First Amended Complaint should also be dismissed, insofar as they challenged late fees, on the ground that those state law claims are preempted by the National Bank Act (12 U.S.C. § 24 (Seventh)) and OCC regulations adopted pursuant to that Act (12 C.F.R. §§ 7.4001, 34.4).

4. Defendants also move under Fed. R. Civ. P. 12(f) to strike the last sentence of paragraph 4 of the Corrected First Amended Complaint, which improperly seeks to incorporate by reference the findings and opinion in a different case.

5. Alternatively, Defendants move under Fed. R. Civ. P. 12(e) for a more definite statement of Plaintiffs' claims because the allegations of the Corrected First Amended Complaint are too vague or ambiguous for Defendants to frame a response and/or Plaintiffs' failure to plead with specificity prevents Wells Fargo from constructing its answer and affirmative defenses. The defects in the Corrected First Amended Complaint include Plaintiffs' failure to plead fraud with the requisite specificity and to include factual allegations relating to their claims of fraud or to commission or engagement in any scheme, predicate offenses and/or unlawful enterprise.

6. This motion is based on the Corrected First Amended Complaint and all other documents on file in this action.

7. Additionally, this motion is supported by the following documents, which are filed herewith:

- Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Corrected First Amended Complaint and Strike Allegations Or, in the Alternative, Motion for a More Definite Statement and its **Exhibits A through I** as identified in and attached to that request; and

- Defendants' Brief in Support Of Their Motion to Dismiss Corrected First Amended Complaint and Strike Allegations Or, in the Alternative, Motion for a More Definite Statement.

8. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), an answer to this action will not be filed until after this Court rules on this motion, or as otherwise ordered by this Court.

9. Defendants further request that any Order relating to these motions provide that Defendants shall have 30 days from the filing and service of that Order or Plaintiff's more definite statement, whichever is later, to file their answer and affirmative defenses or other responsive pleading.

10. Defendants request the opportunity to be heard orally on this motion.

WHEREFORE, Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A., pray that Plaintiffs take nothing by their Corrected First Amended Complaint and that this Court:

(A) Dismiss this lawsuit with prejudice as against all Defendants and strike the allegations identified above,

(B) Or, in the alternative, require that Plaintiffs file a more definite statement as to any counts not dismissed and grant Defendants' 30 days from the filing and service of that statement to file their answer and affirmative defenses or other responsive pleading, and

(C) Award Defendants' their attorneys' fees and costs in bringing this motion, and

(D) Grant Defendants such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated:  April 6, 2009. | **FAEGRE & BENSON LLP** |

/s/ Michael A. Giudicessi
Michael A. Giudicessi
  E-mail: *mgiudicessi@faegre.com*
Emily S. Hildebrand Pontius
  E-mail: *epontius@faegre.com*
801 Grand Avenue, Suite 3100
Des Moines, Iowa 50309-8002
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**SEVERSON & WERSON**
A PROFESSIONAL CORPORATION

Mark D. Lonergan, *Lead Counsel*\*
  E-mail: *mdl@severson.com*
Michael J. Steiner\*
  E-mail: *mjs@severson.com*
John B. Sullivan\*
  E-mail: *jbs@severson.com*
Joshua E. Whitehair\*
  E-mail: *jew@severson.com*
One Embarcadero Center
Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

**ATTORNEYS FOR DEFENDANTS**
**WELLS FARGO & CO. AND**
**WELLS FARGO BANK, N.A.**

*\*Pro Hac Vice admissions are pending*

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing **Defendants' Motion to Dismiss Corrected First Amended Complaint and Strike Allegations Or, in the Alternative, Motion for a More Definite Statement (Oral Argument Requested)** was served upon the following parties through the Court's CM/ECF electronic filing system on the 6th day of April, 2009.

/s/ Irene Hickl

Copies to:

Michael R. Reese
  Michael@reeserichman.com

Deborah Clark-Weintraub
  dweintraub@wdklaw.com

J. Preston Strom, Jr.
  petestrom@stromlaw.com

Kim E. Richman
  kim@reeserichman.com

Mario A. Pacella
  mpacella@stromlaw.com

Roxanne Barton Conlin
  roxlaw@aol.com

Sara C. Hacker
  shacker@wdklaw.com

fb.us.3832436.07