UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GREGORY YOUNG, ODETTA YOUNG, EDWARD HUYER and CONNIE HUYER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & CO. and WELLS FARGO BANK, N.A.<br><br>Defendants. | Case No. 4:08-CV-507-RP-CFB<br><br>**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**(Oral Argument Requested)** |

**COME NOW**, Plaintiffs Gregory Young, Odetta Young, Edward Huyer and Connie Huyer, by and through their undersigned attorneys, and for their Motion, pursuant to Rules 26, 33, 34 and 37 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Rules 7 and 37 of the Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa ("L.R."), for an Order compelling Defendants to produce all relevant documents responsive to Plaintiffs' discovery requests that they have refused to produce, state:

1. Pursuant to L.R. 37(a) and as set forth in the accompanying Declaration of Michael R. Reese, dated October 1, 2010, filed herewith, together with its Exhibits and incorporated herein by reference, counsel for Plaintiffs, in good faith, have conferred personally with counsel for Defendants, through several telephone conferences and the exchange of several letters, in an attempt to resolve or narrow by agreement the issues raised by Plaintiffs' instant Motion to compel. The lawyers have been unable to reach an agreement with respect to production of the documents that are the subject of the instant Motion. Namely, Defendants refuse to produce any documents responsive to Request Nos. 11, 12, 25, 26 and 36 of Plaintiffs'

1

First Set of Requests for Production of Documents (which seek documents relating to customer complaints and inquiries concerning the property inspection fees and late charges at issue) from individual borrower files or any documents sought by Request Nos. 13, 27 and 37 (which seek documents relating to recordings, including telephone conversations, concerning the property inspection fees and late charges at issue). Defendants also refuse to produce any documents sought by Request No. 47 (which seeks documents relating to other lawsuits against or threatened against Defendants challenging the property inspection fees and late charges assessed by Defendants) or documents sought by Request No. 48 (which seeks documents related to the matter *In re Dorothy Chase Stewart*, No. 07 11113 (Bankr. E.D.La)). Defendants refuse to produce the foregoing documents on grounds of relevance and burdensomeness, primarily. (True and correct copies of the disputed requests and Defendants' responses excerpted from Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents served on January 15, 2010 are attached to this Motion, as required by L.R. 37(b)).

    2.     Under the broad scope of discovery established by Fed. R. Civ. P. 26(b)(1), the documents withheld must be produced because they are highly relevant to Plaintiffs' claims herein. As alleged in Plaintiffs' Second Amended Complaint ("SAC" or "Complaint"), Defendants "engaged in a fraudulent scheme … to exact improper inspection fees and late charges from homeowners who had fallen into arrears on their mortgages." ¶¶ 1, 19-40.[1] The SAC alleges that to effectuate their scheme, "Defendants utilized [the Fidelity LPS system] to automatically assess fees for late payments and property inspections without regard to the terms of the borrowers' mortgage loans or the relevant circumstances." ¶¶ 3, 19-40. As the SAC also alleges, "[i]nstead of being based on reasonable parameters, the computer system was programmed to assess as many charges as possible and to pay first all outstanding fees and costs

---

[1] References herein to "¶" are to the paragraphs of the SAC.

before satisfying interest and principal." *Id.*  The SAC further alleges that Defendants concealed the nature of the fees being assessed on monthly statements mailed to [borrowers] by describing them simply as 'other' charges.  *Id.*  Based on these allegations, *inter alia*, the SAC asserts claims against Defendants for violations of RICO, 18 U.S.C. § 1962(c) and of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  ¶¶ 99-108.  Thus, Defendants' objections to producing the information sought by Document Request Nos. 11, 12, 25, 26 and 36, 13, 27 and 37, 47 and 48 are patently frivolous, as these Requests are closely tailored to the allegations of the Complaint.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding **any nonprivileged matter** that is **relevant** to any party's claim or defense ….") (emphasis added).

3. Accordingly, Plaintiffs respectfully request the Court to compel Defendants to produce customer complaints and inquiries from individual borrower files, recordings, including telephone conversations, concerning the property inspection fees and late charges at issue, documents relating to other lawsuits filed or threatened to be filed against Defendants challenging the property inspection fees and late charges assessed by Defendants and documents relating to the matter *In re Dorothy Stewart*, No. 07 11113 (Bankr. E.D.La).

4. Furthermore, Plaintiffs respectfully request the Court to require Defendants to produce all outstanding documents responsive to the Document Requests on a rolling basis, going forward, in order that Plaintiffs can move forward with the further discovery that they need to take to develop the material facts necessary to establish their claims without further delay.

5. Defendants do not consent to Plaintiffs' instant Motion to compel.

6. Plaintiffs request oral argument.

**WHEREFORE**, Plaintiffs Gregory Young, Odetta Young, Edward Huyer and Connie Huyer respectfully request this Court to issue an Order granting Plaintiffs' Motion, pursuant to Rules 26, 33, 34 and 37 of the Federal Rules of Civil Procedure and Rules 7 and 37 of the Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa, for an Order compelling Defendants to produce all relevant documents responsive to Plaintiffs' discovery requests that they have refused to produce in its entirety and providing such other and further relief as the Court deems just, proper and equitable.

Dated:  October 1, 2010                                                     **Respectfully submitted,**

| | |
|---|---|
| **ROXANNE CONLIN & ASSOCIATES, P.C.**<br>Roxanne Conlin<br>319 Seventh Street, Suite 600<br>Des Moines, Iowa 50309<br>Telephone:  (515) 283-1111<br>Facsimile:  (515) 282-0477<br>Email:  roxlaw@aol.com | */s/ Michael R. Reese*<br>Michael R. Reese (*Lead Counsel*)<br>**REESE RICHMAN LLP**<br>875 Sixth Avenue, 18th Floor<br>New York, New York 10001<br>Telephone:  (212) 579-462<br>Facsimile:  (212) 253-4272<br>Email:  michael@reeserichman.com |
| **WHATLEY DRAKE & KALLAS, LLC**<br>Deborah Clark-Weintraub<br>1540 Broadway 37th Floor<br>New York, New York 10036<br>Email: dweintraub@wdklaw.com | **WHATLEY DRAKE & KALLAS, LLC**<br>Sara Hacker<br>2001 Park Place North<br>Birmingham, Alabama 3520<br>Email:  shacker@wdklaw.com |
| **STROM LAW FIRM, LLC**<br>Mario Pacella<br>210 N. Beltine Blvd, Suite A<br>Columbia, South Carolina 29204<br>Email:  mpacella@stromlaw.com | |

                                                                                            *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing **Motion to Compel Production of Documents (Oral Argument Requested)** was served upon the following parties through the Court's CM/ECF electronic filing system on the 1st day of October, 2010.

*/s/ Michael R. Reese*
Michael R. Reese

Copies to:

**Michael A Giudicessi**
mgiudicessi@faegre.com

**Mark D. Lonergan**
mdl@severson.com

**John B Sullivan**
jbs@severson.com

**Michael J Steiner**
mjs@severson.com

**Joshua Eric Whitehair**
jew@severson.com