UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GREGORY YOUNG, ODETTA YOUNG, EDWARD HUYER and CONNIE HUYER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & CO. and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case no.: 4:08-cv-507-RP-CFB<br><br>PLAINTIFFS' BRIEF IN SUPPORT OF THEIR EXPEDITED MOTION TO COMPEL DEPOSITIONS<br><br>(ORAL ARGUMENT REQUESTED) |

Plaintiffs, by and through their undersigned counsel, respectfully submit this Brief in support of their Expedited Motion, pursuant to Rule 26, 30 and 37(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Rules 7 and 37 of the Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa ("L.R."), for an Order compelling Defendants to produce Sherilee Massier for deposition on August 9, 2011 and Keith Schares for deposition on August 10, 2011. In support, Plaintiffs state as follows:

**PRELIMINARY STATEMENT**

Seven weeks ago, Plaintiffs noticed the depositions of Sherilee Massier and Keith Schares. Defendants never objected to producing Massier and Schares as witnesses—nor could they, given that their deposition testimony is likely central to the allegations in this case—but Defendants, continuing their well-documented pattern of delay in furnishing discovery sought by Plaintiffs in this case, delayed for weeks in informing Plaintiffs as to whether Massier and Schares would be available on the noticed dates and also delayed in providing alternative dates

for their depositions once they declined to produce them on the originally noticed dates. Now, after Defendants' weeks of delays, they have proposed that these depositions be held on either August 17, 18 or 19, 2011 or the latter part of the week of August 22, 2011. The delay of these depositions to the third or fourth week in August is unjustifiable and prejudicial. Simply stated, it should not take seven weeks to schedule two depositions. In addition to able local counsel, no less than five lawyers from the firm of Severson & Werson have appeared in this matter, Thus, Defendants' repeated excuses that deposition dates could not be provided on account of "vacations" ring hollow. Plaintiffs would be extremely prejudiced by having to take the depositions of Massier and Schares on these dates proposed by Defendants when their motion for class certification is due less than two weeks later.

Unfortunately, Defendants' latest actions to impede Plaintiffs' efforts to obtain discovery are entirely familiar. As the record reflects, Defendants' delay in producing documents was so protracted that Plaintiff were forced previously to file a Motion to Compel requesting discovery and two Motions to extend scheduling order deadlines, all of which the Court granted in Orders dated November 11, 2010 and March 21, 2011. Plaintiffs respectfully request that the Court compel Defendants to produce Sherilee Massier and Keith Schares on the dates provided in Plaintiffs' revised deposition notices: August 9 and 10, 2011, respectively.

## I.     FACTUAL BACKGROUND

On June 8, 2011, counsel for Plaintiffs properly served Defendants with two deposition notices setting the depositions of Sherilee Massier for July 14, 2011 and of Keith Schares for July 15, 2011, both to be held in Des Moines, Iowa. *See* Declaration of Deborah Clark-Weintraub ("Weintraub Decl.") ¶¶2-4, Exs. A & B. Thus, Plaintiffs' deposition notices provided Defendants with well over thirty days notice of the depositions.

Two weeks later, on June 21, 2011, having not received confirmation that Massier and Schares would be produced on the dates noticed, Plaintiffs inquired whether the witnesses intended to appear. Weintraub Decl. ¶ 4, Ex. C. Defendants responded that they "we [were] checking re the deponents and [would] get back to [Plaintiffs]." Weintraub Decl. ¶5, Ex. D. At the same time, although no deposition notices had been served, Defendants asked Plaintiffs' counsel to provide dates Plaintiffs were available to be deposed. *Id*. Plaintiffs provided two sets of available dates for Plaintiffs Connie and Ed Huyer the same day. Weintraub Decl. ¶5, Ex. E. All of these dates have since passed without defense counsel ever indicating whether the dates were acceptable.

Two days later, on June 23, 2011, having not heard back from Defendants, Plaintiffs again asked Defendants to confirm by the close of the business day on Friday July 24, 2011 whether Massier and Schares would be produced for deposition on the dates noticed. Weintraub Decl. ¶ 6, Ex. F. Notwithstanding Plaintiffs' request, it was not until Sunday June 26, 2011, several weeks after the deposition notices had been served, that Defendants finally informed Plaintiffs that Massier and Schares would not appear. Weintraub Decl. ¶ 6, Ex. G. No reason was provided beyond an ambiguous statement that the dates did not "work" and that efforts to schedule to the depositions "[had] been hampered a bit by some pending vacations." *Id*.

Plaintiffs did not receive a further communication regarding the depositions until July 7, 2011. On that date, one of Defendants' counsel, Mark Lonergan, indicated in an email that Defendants were "working on trying to make Mr. Schares and Ms. Massier available for deposition the week of July 25," but cautioned that he had not yet "lined up all the schedules to be able to commit to that week[.]" Weintraub Decl. ¶ 7, Ex. H. Plaintiffs promptly responded the same day that scheduling both depositions the week of July 25 would be "difficult if not

3

impossible" given a previously scheduled obligation on Wednesday, July 27. Weintraub Decl. ¶ 7, Ex. I. In this regard, Plaintiffs explained that Plaintiffs' counsel's unavailability on the Wednesday of the week in question would make it virtually impossible to conduct both depositions in the same week given travel constraints. *Id*. Defense counsel responded that he would see what alternative dates were available. Weintraub Decl. ¶ 7, Ex. J.

Five days later, on July 12, 2011, Plaintiffs received an email from another of Defendants' counsel, Michelle McGuinness, who asked whether Plaintiffs could proceed with one of the two depositions the week of July 25. Weintraub Decl. ¶ 8, Ex. K. Plaintiffs responded the same day that it was their strong preference to make one trip to Des Moines and to conduct both depositions within the same week. Weintraub Decl. ¶ 8, Ex. L.

Having heard nothing further from Defendants, on July 15, 2011, Plaintiffs again inquired about the status of setting dates for the Shares and Massier depositions. Weintraub Decl. ¶ 9, Ex. M. Defendants did not respond until July 18, 2011. In an email that day, Ms. McGuinness stated that Defendants' scheduling efforts had been "stymied" by vacations, but that she was hoping to hear back that morning regarding the availability of Schares and Massier for the week of August 1-5, 2011. Weintraub Decl. ¶ 10, Ex. N. Ms. McGuinness also asked Plaintiffs to confirm that they were, "available *any day that week* in Des Moines." *Id*. (emphasis added). Plaintiffs initially responded that they would be available any day that week, but a few hours later amended their response to indicate that they would only be available on Monday and Tuesday of that week (August 1 and 2) because of a conflict that had arisen regarding a deposition schedule in an unrelated action. Weintraub Decl. ¶ 10, Exs. O and P. Notwithstanding Ms. McGuinness' statement that she expected to hear back that morning regarding the witness' availability, Plaintiffs heard nothing further from Defendants on July 18.

4

Accordingly, on July 19, 2011, Plaintiffs again asked Defendants to confirm dates for the Schares and Massier depositions by the close of business. Weintraub Decl. ¶ 11, Ex. Q. Defendants did not respond. *Id*.

On July 20, 2011, when Defendants still had not provided alternative dates for the noticed depositions, Plaintiffs served revised notices for the depositions of Schares and Massier to be held on August 9 and 10, 2011. Weintraub Decl. ¶ 12, Ex. R. After the revised deposition notices were served, Ms. McGuinness left a voice-mail message for Plaintiffs' counsel on July 20, 2011, indicating that the depositions could not proceed on August 9 and 10 once again on account of vacations and that the depositions had instead been "confirmed" for Wednesday August 3 and Thursday August 4, 2011, notwithstanding Defendants' knowledge that Plaintiffs' counsel was not available on those dates. Weintraub Decl. ¶ 13. Plaintiffs promptly responded reminding Defendants that if Defendants would prefer that the depositions be held the first week in August they would have to proceed on August 1 and 2. Weintraub Decl. ¶ 13, Ex. S. Ms. McGuinness responded that the depositions could not proceed on August 1 and 2 because a Monday/Tuesday deposition combination in any week would not be feasible since defense counsel intended to meet with deponents prior to the depositions. Weintraub Decl. ¶ 14, Ex. T. This was the first time that Defendants informed Plaintiffs that they would not agree to hold the Massier and Schares depositions on a Monday and Tuesday, regardless of the week and the witnesses' and counsel's availability. *Id*. In fact, on July 18, 2011, Defendants had asked about Plaintiffs availability on *any day* the week of August 1-5, 2011. Weintraub Decl. ¶ 10, Ex. N. Defendants then offered to produce Massier and Schares on August 17, 18 or 19, 2011. Weintraub Decl. ¶ 14, Ex. T. They also stated that they "remained available" to have the depositions on August 3, 4 or 5, 2011 even though Plaintiffs had already informed Defendants on

5

July 18, 2011 that those dates would not work for them. *Id*. In Plaintiffs' response, they reiterated that they would not agree to any further adjournments of the deposition dates given the pending deadline for the filing of Plaintiffs' motion for class certification and urged defense counsel to proceed with the depositions on August 1 and 2 if they did not want to do so on August 8 and 9. Weintraub Decl. ¶ 16, Ex. U.

On July 22, 2011, Plaintiffs asked Defendants to confirm by the close of the business day whether they would be producing Massier and Schares on August 1 and 2, and stated that otherwise the depositions would proceed on the noticed dates of August 9 and 10. Weintraub Decl. ¶ 15, Ex. V. Defendants responded that they would not produce Massier or Schares on August 1 and 2 or on August 9 or 10. Defendants stated again that they could do the depositions on August 17, 18 or 19. Weintraub Decl. ¶ 15, Ex. W. Plaintiffs then responded that the Plaintiffs would appear for the noticed depositions and that, if the witnesses did not appear, Plaintiffs were prepared to seek appropriate relief from the Court. Weintraub Decl. ¶ 15, Ex. X.

On July 26, 2011, Plaintiffs received a letter from Defendants stating that the deponents would not be produced on any of the date proposed by Plaintiffs. Weintraub Decl. ¶ 16, Ex. Y.

## II.   ARGUMENT

### A. Schares and Massier Should be Compelled to Testify on August 9 and 10, 2011

On June 8, 2011 and again on July 20, 2011, Plaintiffs properly noticed the depositions of Schares and Massier under Rule 30 of the Federal Rules of Civil Procedure. Defendants do not appear to contest that the depositions notices were properly served and do not object to producing Schares and Massier as witnesses. Plaintiffs attempted in good faith to confer with Defendants to come to a mutually agreeable solution regarding the scheduling of these depositions, but the parties have reached an impasse. Weintraub Decl. ¶ 14.

Defendants' refusal to produce Schares and Massier for deposition on the second set of dates noticed, August 9 and 10, 2011, is unfair to Plaintiffs and they should be compelled to testify on those dates.  Without raising any formal objection or seeking a protective order, Defendants have simply indicated that they will not produce Massier and Schares on the dates noticed citing scheduling conflicts and proposing that the depositions take place on August 17, 18, or 19 or the latter part of the week of August 22.  These dates are unacceptable given that these depositions were originally noticed on June 8, 2011 to be held on July 14 and 15, 2011 which is more than a month before these alternative dates suggested by Defendants.  To push the deposition dates out to August 17, 18 or 19 is patently unfair to Plaintiffs, given that:

- Defendants took over two weeks to inform Plaintiffs that they would not produce Massier and Schares for deposition on the originally noticed dates.
- It was not until July 20, 2011, 42 days after the initial deposition notices were served, and 5 days after these depositions were supposed to be held, that Defendants first provided Plaintiffs with alternative dates for the Massier and Schares depositions.
- The alternative dates provided by Defendants on July 20, 2011, were dates which Plaintiffs had already informed Defendants they would not be available.
- Defendants have refused to hold the depositions on a Monday or Tuesday *of any week*, a position which finds no support in case law or the Federal Rules of Civil Procedure.

Putting aside Defendants' delays, the primary reason that pushing the Massier and Schares deposition to the third or fourth week in August is unfair is because Plaintiffs' motion for class certification is due to be filed on September 1, 2011.  If the depositions were held on the August 17, 18 and 19, 2011, this would only give Plaintiffs about two weeks after the depositions to conduct any follow up discovery and to prepare their motion.  Had the Plaintiffs been able to

7

proceed with the depositions on the originally noticed dates of July 14 and 15, 2011, they would have had ample time to conduct any follow up discovery necessary and to prepare their motion.

Plaintiffs should not be prejudiced by Defendants' failure to promptly respond to Plaintiffs' proper deposition notices and failure to promptly provide alternative dates for those depositions. Therefore, Plaintiffs request that the Court compel Defendants to produce Massier and Schares on the dates set forth in the revised notices: August 9 and 10, 2011.

**B. Granting the Motion to Compel is the Efficient Method of Resolving this Discovery Dispute**

Plaintiffs properly noticed the deposition of Massier and Schares, but Defendants have indicated that they will not produce Massier and Schares for deposition on August 9 and 10, 2011. Because these depositions were properly noticed, however, it is the Defendants who are "required to move for a protective order pursuant to Fed. R. Civ. P. 26(c) if [they] want an order forbidding the discovery or changing the time and place of discovery." *Criterion 508 Solutions, Inc. v. Lockheed Martin Servs, Inc.*, 255 F.R.D. 489, 493 (S.D. Iowa 2008). *See also id*. at 494 ("Plaintiff easily could have, and should have, at a minimum, filed a Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) in order to postpone the appropriately-noticed deposition of Bradley, if its concerns about sequencing of discovery were valid."). Defendants here have not moved for such a protective order. Thus, if Defendants failed to produce Massier and Schares on August 9 and 10, 2011, Plaintiffs would then likely be entitled to sanctions under Rule 37(d) for failure to attend a deposition. *See id*. at 497 (awarding sanctions to defendant and extending deadlines where the plaintiff failed to appear for properly noticed deposition without filing a motion for a protective order).

However, it would be senseless waste of resources for Plaintiffs to travel to Des Moines on August 9 and 10, 2011, despite knowing full well that Defendants do not intend to produce

8

Massier and Schares on those dates.  Because Plaintiffs are already aware that Defendants do not intend to produce Massier and Schares on August 9 and 10, the more just, speedy and inexpensive way to resolve this dispute is by asking the Court to resolve this issue now and to compel the depositions on the dates noticed.

Dated: July 28, 2011

**WHATLEY DRAKE & KALLAS, LLC**

     /s/ *Deborah Clark-Weintraub*
Deborah Clark-Weintraub
dweintraub@wdklse.com
380 Madison Avenue, 23rd Floor
New York, NY  10017
Telephone:  (212) 447-7070
Facsimile:  (212) 447-7077

**REESE RICHMAN LLP**
Michael R. Reese
mreese@reeserichman.com
Kim E. Richman
krichman@reeserichman.com
Belinda Williams
bwilliams@reeserichman.com
875 Sixth Avenue, 18th Floor
New York, NY  10001
Telephone:  (212) 579-4625
Facsimile:  (212)253-4272

**STROM LAW FIRM, LLC**
Mario Pacella
mpacella@stromlaw.com
2110 N. Beltline Blvd.
Columbia, SC  29204

**ROXANNE CONLIN & ASSOCIATES, P.C.**
Roxanne Conlin
319 Seventh Street, Suite 600
Des Moines, Iowa 50309
Telephone: (515) 283-1111
Facsimile: (515) 282-0477
Email: roxlaw@aol.com

               **WHATLEY DRAKE & KALLAS, LLC**
               Sara Hacker
               2001 Park Place North
               Birmingham, Alabama 3520
               Email: shacker@wdklaw.com

               *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing to be served via email and the through the court's CM/ECF electronic filing system on July 28, 2011, to the following:

Mark D. Lonergan
mdl@severson.com
Michelle T. McGuinness
mtm@severson.com
Severson & Werson, A Professional Corporation
One Embarcadero Center, 26th Floor
San Francisco, CA  94111

Michael A. Giudicessi
mgiudicessi@faegre.com
Faegre & Benson LLP
801 Grand Avenue, Suite 3100
Des Moines, IA  50309-8002

                                              /s/ *Deborah Clark-Weintraub*
                                              Of Counsel