Rhadiante Van de Voorde
1200 Blude Ridge DR
Boulder, Creek CA 95006
831-338-1709



RECEIVED

DEC 23 2015

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

December 18, 2015

Clerk of Court
United States District Court
Southern District of Iowa
Central Division
U.S. District Courthouse
123 East Walnut Street
Des Moines, Iowa 50309

Deborah Clark-Weintraub
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174

Michael R. Reese
REESE LLP
100 West 93rd Street, 16th Floor
New York, NY 10025

Mark D. Lonergan
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California 94111

Re:  Gregory Young, et al. v. Wells Fargo & Company, et al.
     Southern District of Iowa District Court Case No. 4:08-CV-507 RP-CFB
     Objection to Settlement

Clerk and counsel:

Class Member, Rhadiante Van De Voorde, hereby objects to the proposed class action settlement in the proceeding known as *Gregory Young, et al. v. Wells Fargo & Company, et al.*

My name is Rhadiante Van De Voorde. My phone number and address are above. Please see the Important Legal Notice attached as Exhibit A which establishes me as a Class Member. I do not intend on attending the fairness hearing.

### UNFAIR SETTLEMENT

The Court should deny Class Counsel's request for final approval because the settlement is unfair, unreasonable, and inadequate. The named Plaintiffs do not adequately represent the Class and the Settlement Agreement creates intraclass conflict that discriminates against

Clerk of Court, Deborah Clark-Weintraub
Michael R. Reese, Mark D. Lonergan
December 21, 2015
Page 2

Class Members with loans in foreclosure or that resulted in a foreclosure sale, loan modification, short sale, or deed-in-lieu of foreclosure.

First, the named Plaintiffs do not adequately represent the Class. Rule 23(a)(4) requires that class representatives fairly and adequately protect the interests of the class. The Class in this case is a unified group of all persons who have or had a mortgage serviced by Wells Fargo and owe or paid a property inspection fee assessed during the period August 1, 2004 through December 31, 2013, inclusive. However, the Settlement creates unfair and unreasonable intraclass conflict. The named Plaintiffs' interests are in direct opposition to Post-Sale Class Members. The Post-Sale group includes loans that resulted in a foreclosure sale, short sale, deed-in-lieu, or charge-off. The Post-Sale group includes nearly half the class, 1,239,016 loans. The Third Amended Complaint does not allege that Plaintiffs Edward R. Huyer, Jr., Connie Huyer, Carlos Castro, and Hazel Navas-Castro had loans that resulted in a foreclosure sale, short sale, deed-in-lieu, or charge-off. As a result, the named Plaintiffs cannot adequately represent the interests of Post-Sale Class Members.

Second, the named representative conflict has led to an unfair and inadequate Allocation Plan. Under the Allocation Plan, Plaintiffs and Active/Paid-in-Full Class Members will automatically receive class benefits for their inspection fees without submitting claim forms or any proof of payment. Post-Sale Class Members, however, are not entitled to automatic payment and must submit a claim form and proof of payment in order to receive benefits. This distinction is unfair and unreasonable. Class Counsel has not provided any reason why Post-Sale Class Members are required to submit a claim form. In fact, Wells Fargo knows which Class Members comprise the Post-Sale Loan group, whether or not the owe/paid inspection fees or if the fees were waived. By requiring Post-Sale Class Members to submit a claim form and proof of payment, Plaintiffs and Class Counsel are intentionally depressing Post-Sale Class Member participation. The direct result of those actions is a greater pro rata share of the settlement fund by the 1,470,181 Active/Paid-in-Full Class Members.

Courts disfavor claim form requirements and the burdensome collection of proof where class members are identifiable and the settlement administrator knows how much money is owed to each class member. The Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist provides, "In too many cases, the parties may negotiate a claims process which serves as a choke on the total amount paid to class members. When the defendant already holds information that would allow at least some claims to be paid automatically, those claims should be paid directly without requiring claim forms." See also *De Leon v. Bank of Am., N.A.*, No. 6:09-cv-1251-Orl-28KRS, 2012 U.S. Dist. LEXIS 91124, at *61 (M.D. Fla. Apr. 20, 2012) (finding a claim form procedure unreasonable because defendant had databases that "enabled it

Clerk of Court, Deborah Clark-Weintraub
Michael R. Reese, Mark D. Lonergan
December 21, 2015
Page 3

to identify approximately 500,000 cardholders who were assessed late fees on timely payments made"). Here, the Post-Sale Class Members are identifiable through Wells Fargo's records. Wells Fargo also knows which fees were waived or paid by someone other than the homeowner. As a result, the Settlement Administrator could provide settlement benefits to all Class Members that paid an inspection fee.

The Settlement provides greater benefits to Active/Paid-in-Full Class Members, which include the named Plaintiffs. On its face, the Allocation Plan provides the same relief to all Class Members. In reality, the Allocation Plan provides greater relief to Plaintiffs and other Active/Paid-in-Full Class Members. Active/Paid-in-Full Class Members are entitled to complete reimbursement for all "subsequent" Fee Code 4 inspection fees fees paid. Homeowners that paid for fees while in foreclosure are limited to 50% of all "subsequent" inspection fees paid (otherwise known as "corporate advance"). The effect of the Allocation Plan is to minimize relief to homeowners that are or were in foreclosure even if they paid their inspection fees. "Post-Sale" Class Members (and other "corporate advanced" coded Class Members) are not only forced to submit a claim form and provide proof of payment, they also will receive a fraction of the benefits of Active/Paid-in-Full Class Members. Such an outcome is unreasonable and unfair, especially when those fees caused some Class Members to enter foreclosure. *See* Plaintiff's Third Amended Complaint at 2 (citing *In re Dorothy Chase Stewart*, No. 07-11113, 2008 WL 2676961 (Bkrtcy. E.D. La. July 9, 2008) (stating that Wells Fargo's bogus fees and other misconduct forced homeowner into bankruptcy).

Class Counsel argues that the Allocation Plan is justified because it reflects the strength of Plaintiff's arguments. First, Plaintiffs cannot purport to fairly represent the interests of the Class if there is no named plaintiff within the Post-Sale group. Second, as the Court found, "[a]ll members of this class have been subjected to the same policy of ordering drive-by property inspections for borrowers meeting certain delinquency criteria." ECF No. 206 at 24. Post-Sale loans account for more than half of all property inspection fees assessed during the relevant period. Even if, as Wells Fargo maintains, only a fraction of these amounts were paid by borrowers as opposed to investors or the GSEs, those Class Members still paid their fees and are therefore entitled to the same relief as Plaintiffs and other Active/Paid-In-Full Class Members coded as Fee Code 4. Third, even if Class Counsel's strongest claims related to subsequent Inspection Fees that had been paid by Class Members or were still reflected on Wells Fargo's books as owed by borrowers with Active Loans, that does not mean that it should continue to represent the entire Class. Instead, Class Counsel should have proceeded without homeowners with Post-Sale loans. Fourth, the 50% reduction for corporate advanced fee benefits is unreasonable because the Settlement contemplates distributing 100% of the Net Benefits to all Class Members. The strength of Plaintiffs' claims may be a negotiation point with Wells Fargo,

1200 BLUE RIDGE DR
BOULDER CREEK CA 95006-8719

DATE: 21 DEC 2015

SHIP SOUTHERN DISTRIRICT OF IOWA, CENTRA
TO: UNITED STATES DISTRICT COURT, CLERK
    123 EAST WALNUT STREET
    123 E WALNUT ST

DES MOINES   IA 50309-2022

IA 503 9-30

UPS NEXT DAY AIR                                1
TRACKING #: 1Z 950 X41 01 9658 2554

P/P

ISH 13.00N E2844 69.5V 10/2015

This envelope is for use
UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®
Do not use this envelope for:

Call: 1-800-PICK-UPS® (1-800-742-5877) or visit UPS.com®.

**Domestic Shipments**
• To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
• The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.
• To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

Note: Express Envelopes are for shipments of electronic media containing sensitive personal items. Do not send cash or cash equivalent.

Serving you for more than 100 years
United Parcel Service.

100% Recycled fiber
80% Post-Consumer

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.